IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JARMAR C. TALTOM-GIPSON,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **V.** | § | **NO. 4:26-CV-167-O** |
| | § | **(NO. 4:24-CR-017-O)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Jarmar C. Taltom-Gipson under 28 U.S.C. § 2255 to vacate, set aside, or correct judgment. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I. BACKGROUND

On January 23, 2024, Movant was named in a four-count indictment charging him in Count One with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846, in Count Two with possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), in Count Three with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(8), and in Count Four with possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). CR ECF No.[1] 14. Movant entered a plea of not guilty. CR ECF No. 17. On March 6, 2024, Movant was named in a one-

[1] The "CR ECF No. __" references are to the number of the item on the docket in the underlying criminal case, No. 4:24-CR-017-O.

count superseding information charging him with conspiracy to possess with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 21. He signed a waiver of indictment, CR ECF No. 25, factual resume, CR ECF No. 26, and plea agreement. CR ECF No. 27. However, he decided not to go forward with the plea agreement. CR ECF No. 28. Instead, acting *pro se*, he filed a motion for new counsel. CR ECF No. 30. His appointed counsel filed a motion to withdraw. CR ECF No. 34. The Court granted the motions and appointed new counsel to represent Movant. CR ECF Nos. 37–39.

On April 10, 2024, Movant was named in a five-count superseding indictment charging him in Count One with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, in Count Two with conspiracy to possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846, in Count Three with possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), in Count Four with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(8), and in Count Five with possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). CR ECF No. 40. He signed a factual resume setting forth that he would plead guilty to the offenses charged by Counts Three and Four of the superseding indictment, the penalties he faced on each count, the essential elements of each offense, and the stipulated facts establishing that he committed each offense. CR ECF No. 45. He also signed a plea agreement pursuant to which he agreed to plead guilty to the offenses charged by Counts Three and Four of the superseding indictment and the government agreed not to bring any additional charges against him based on the conduct

underlying and related to the plea and to dismiss any remaining charges against him. CR ECF No. 46. The plea agreement also set forth: the maximum penalties Movant faced as to each count; acknowledgment that the sentence would be imposed by the Court and that the guidelines were not binding on the Court; the parties' agreement under FED. R. CRIM. P. 11(c)(1)(C) that the appropriate term of imprisonment would be no more than 360 months and that other than the agreed sentencing range, there were no other sentencing limitations and that the Court was free to determine the appropriate sentence; that if the Court rejected the plea agreement, Movant would be allowed to withdraw his plea; that the plea was freely and voluntarily made and not the result of force, threats, or promises; that Movant waived his right to appeal or otherwise challenge his sentence except in certain limited circumstances; that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with his legal representation; and that because Movant conceded his guilt, he had concluded that it was in his best interest to enter the plea agreement. *Id*.

On May 8, 2024, Movant appeared in open court for rearraignment on the superseding indictment and testified under oath that: he understood that he should never depend or rely on any promise or statement by anyone as to what penalty would be assessed, that his plea must be purely voluntary, and that he should only plead guilty because he was guilty and for no other reason; he had discussed the guidelines and how they might apply with counsel and understood that the Court would not be bound by the stipulated facts and the guideline range could not be determined until after preparation of the presentence report ("PSR"); he had received a copy of the charges against him and read and understood it; he understood the essential elements of Counts Three and Four and admitted that he committed each of them; he had discussed the charges with counsel and was

fully satisfied with the legal representation and advice he had received; he signed the plea agreement and had read and fully understood it; he understood the waiver of appeal provision, discussed it with counsel, and knowingly and voluntarily waived his right to appeal as set forth in that paragraph; all of the terms of his agreement with the government were set forth in the plea agreement; he voluntarily and of his own free will entered into the plea agreement; no one had made any promise or assurance of any kind to induce him to enter a plea of guilty; no one had mentally, physically, or in any other way attempted to force him to plead guilty; he understood the penalties he faced as to each count; he had no questions for the Court or counsel; he entered a plea of guilty to Counts Three and Four; he signed the factual resume, having read and fully understood it; and, the facts stated in the factual resume were true and correct. CR ECF No. 87.

The probation officer prepared the PSR, which reflected that Movant's base offense level was 32. CR ECF No. 53-1, ¶ 46. He received two-level enhancements for possession of a dangerous weapon, *id.* ¶ 47, and maintaining a drug premises. *Id.* ¶ 48. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 54, 55. Based on a total offense level of 33 and criminal history category of IV, his guideline imprisonment range was 188 to 235 months. *Id.* ¶ 116. The government filed objections, CR ECF No. 56, as did Movant. CR ECF No. 58. Movant also filed an extensive sentencing memorandum including comprehensive background information. CR ECF No. 65. The probation officer prepared an addendum to the PSR, reflecting that Movant's total offense level was 39 and his guideline imprisonment range was 360 months to life; however, the statutorily-authorized maximum sentence was 420 months so the range became 360 to 420 months. CR ECF No. 67-1. Movant filed objections, again urging that the drug weight had been improperly calculated. CR ECF No. 69.

The Court sentenced Movant to a term of imprisonment of 240 months as to Count Three to be followed by a term of imprisonment of 120 months as to Count Four. CR ECF No. 75. Movant filed a notice of appeal, CR ECF No. 78, despite having waived the right to do so. CR ECF No. 46, ¶ 14. Trial counsel filed a motion to withdraw, CR ECF No. 79, which was granted and appellate counsel appointed. CR ECF Nos. 80, 81. Appellate counsel filed a motion to withdraw along with a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit concurred with appellate counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Taltom-Gipson*, No. 24-10757, 2025 WL 785201 (5th Cir. Mar. 12, 2025).

## II. GROUND OF THE MOTION

Movant raises one ground in support of his motion, alleging that he received ineffective assistance because his attorney failed to advise him that controlled substances from the dismissed counts would be attributable to him and because counsel failed to investigate the charges and evidence against him. ECF No. 1 at 5. In his memorandum in support, he alleges that his plea was not knowing and voluntary because he "pleaded guilty without a full understanding of the legal framework governing sentencing and without the benefit of a meaningful defense." ECF No. 2 at 2.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can

challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011),

and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

Movant's ground in support of his motion is wholly conclusory and the supporting memorandum does little to enlighten the Court about his specific complaint. *See, e.g.*, ECF No. 2 at 11 (referring to a gross underestimation of Movant's sentencing exposure and "evidentiary challenges"), 14 (referring to failure to "conduct a reasonable pretrial investigation"). His declaration is a stream-of-conscious recitation of the events giving rise to the charges against him. ECF No. 8. He does not mention the attorney in question until the fourth page where he makes conclusory allegations about him failing to file "the motions and documents needed to help me." *Id.* at 4. Movant does not explain what exactly his counsel was to have done or why it would have made any difference. He simply fails to allege any facts that would support relief.

One who alleges a failure to investigate must allege with specificity the type of investigation that should have been undertaken and explain how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *United States v. Goodley*, 183 F. App'x 419, 422–23 (5th Cir. 2006). Here, Movant can only speculate as to what might have

been done and how it would have made any difference. His conclusory allegations are insufficient to raise a claim. *Miller*, 200 F.3d at 282. In any event, his guilty plea waived all non-jurisdictional defects in the proceedings leading to his conviction, including objections to searches and seizures that violate the Fourth Amendment. *United States v. Cothran*, 302 F.3d 279, 285–86 (5th Cir. 2002). Moreover, Movant waived his right to pursue these claims as part of his plea agreement. CR ECF No. 46, ¶ 14. The waiver was knowing and voluntary and is enforceable. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Movant clearly understood the penalties he faced and the failure of counsel to accurately predict his sentence or to calculate his guideline range does not render his plea unknowing or involuntary. *See, e.g.*, *United States v. Lincks*, 82 F.4th 325, 331–32 (5th Cir. 2023) (underestimating guideline range not ineffective where movant knew the sentence he faced and denied that counsel had promised a particular sentence); *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989) (erroneous prediction of leniency does not render plea involuntary). The superseding indictment exposed Movant to a term of life imprisonment; as a result of the plea agreement he was limited to a statutory maximum sentence of thirty-five years and the government agreed that no more than a thirty-year sentence would be appropriate. CR ECF No. 53-1. ¶¶ 118, 119.

Any argument that the plea was not knowing and voluntary is belied by the record. The plea agreement he signed stated that Movant understood the nature and elements of the crimes to which he was pleading guilty; it set forth the penalties Movant faced; it included Movant's recognition that his sentence would be wholly within the Court's discretion; it stated that the plea was freely and voluntarily made and not the result of force, threats, or promises; it stated that

Movant waived his right to appeal except in certain limited circumstances; and it concluded with the statement that Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the legal representation provided. CR ECF No. 46. The factual resume set forth the penalties he faced on Counts Three and Four, the essential elements of each offense, and the stipulated facts establishing that he committed each offense. CR ECF No. 45. The documents are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant's solemn declarations in open court, admitting among other things that he understood the charges against him, the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing.[2] *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for this alleged deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). His conclusory allegation that there "was more than a reasonable probability that if it was not for Mr. Colston's errors, that [Movant] would have insisted on going to trial" does not meet the test. ECF No. 2 at 17. The allegation is wholly unsupported in any event.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

[2] In his reply, Movant overlooks that the declaration he filed simply does not support the allegations of the motion and memorandum. *Compare* ECF No. 10 & ECF No. 8. It does not identify any motion that should have been filed. Nor does it address "relevant-conduct sentencing exposure" or anything else pertinent to sentencing except that counsel advised him to plead guilty, which he freely and voluntarily did.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **20th** day of **August, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE